IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs                                        CASE NO. 4:06cr00146-02 JLH

JAMAR ARNELL WILLIAMS                                                                       DEFENDANT

ORDER

Following a hearing, the United States' motion to revoke (docket #19) is granted. By admission, Defendant has violated the terms of his electronic monitoring requirement. He had been working, but lost his job. Rather than tell his Pretrial Officer of this, he continued to leave the home during the hours he was supposed to be working. He testified that he used part of the time to look for work and then passed the balance of the time at the home of a friend. There were also two apparent violations during night and early morning hours, when the electronic monitoring equipment showed him to be absent for extended periods. He, his mother and his girlfriend testified that he had not left the house on those occasions. Because of the possibility of equipment failure and because no violations have occurred since June 18, 2006, the Court was willing to give Defendant the benefit of the doubt.

The Court announced that it would modify the conditions of release to appoint Defendant's mother as third party custodian, that his current employment be verified and changed if the Pretrial Officer so required, and that the monitoring company be contacted for further information regarding the question of false readings from the equipment. However, it was discovered after the initial hearing that Defendant has recently used a controlled substance.

The Court covered the conditions of release with Defendant's mother, who stated that drug testing should be added. The Court required that Defendant be tested after the hearing. Following the initial hearing, the Pretrial Officer reported that Defendant had admitted to using marijuana last Sunday and that he would be positive.

In light of this additional violation, court was reconvened. The Court finds that Defendant was competent to understand the proceedings, that he did not appear to be impaired and that he had testified lucidly. The Court further finds by clear and convincing evidence that Defendant has violated multiple conditions of release and further that he is unlikely to abide by any conditions or combination of conditions that may be imposed. This order is without prejudice to a subsequent motion for release, should counsel feel that conditions could be imposed and that he can offer specific proof demonstrating reasonable assurance that Defendant would comply with those conditions.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 14th day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE